IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVIS COOK, ) | |
| ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | No. 06 C 0178 |
| vs. ) | Judge Leinenweber |
| ) | Magistrate Judge Soat Brown |
| UNKNOWN CHICAGO POLICE ) | |
| OFFICERS, Individually and as agents, ) | |
| servants and/or employees of CITY OF ) | |
| CHICAGO, a Body Politic and Corporate, ) | |
| ) | |
| Defendant(s) ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its Answer, Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

**COUNT I
CIVIL RIGHTS - COMPENSATORY AND PUNITIVE DAMAGES**

1. That this action arises under Section 1983 and 1988 of the Civil Right Act, to-wit: 42 U.S.C., Sections 1983 and 1988 and the jurisdiction of this Court is based upon 28 U.S.C, Sections 1331 and 1343.

**ANSWER:** The City admits that Plaintiff has brought this purported cause of action pursuant to Section 1983 and 1988 of the Civil Right Act. The City admits this Court has jurisdiction.

2. That on or about January 17, 2005, and for a long time prior thereto, the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, were employed as City of Chicago Police Officer, within the scope of his employment and under the color of state law.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. That on or about January 17, 2005, Plaintiff, TRAVIS COOK, was a passenger in a vehicle that was parked at or near 220 North Homan in the City of Chicago, County of Cook and State of Illinois, when Defendants, UNKNOWN CHICAGO POLICE OFFICERS,

approached Plaintiff's vehicle.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. That Plaintiff, TRAVIS COOK, while at the above-mentioned location, was assaulted and battered without any reason or provocation by the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, specifically, when said Defendants battered Plaintiff about his body and face while he was in the process of being taking [*sic*] into custody by the Defendants.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. That said Defendants, UNKNOWN CHICAGO POLICE OFFICERS, specifically assaulted and battered the Plaintiff, TRAVIS COOK, about his body without any reasonable provocation whatsoever or in a defensive manner and committed said assault using excessive force which was unreasonable in light of the facts and circumstances confronting the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, which resulted in severe injuries to the Plaintiff, TRAVIS COOK.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. That said Defendants, UNKNOWN CHICAGO POLICE OFFICERS, assaulted and battered the plaintiff TRAVIS COOK, without any reasonable provocation whatsoever and committed said assault using excessive force after he knew that Plaintiff, TRAVIS COOK, was not acting in a defensive manner and Defendants' acts were committed in a reckless and callous disregard for Plaintiff's rights.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. That the assault of the Plaintiff herein, as fully described herein, was committed by the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, under the color of law and violated the rights of the Plaintiff, TRAVIS COOK, as guaranteed by the Fourth Amendment via the Fourteenth Amendment of the Constitution of the United States.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. That as a direct and proximate result of the acts of the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, the Plaintiff, TRAVIS COOK, became seriously and permanently injured, specifically, he suffered multiple body trauma and also suffered mental damages which in combination caused great discomfort and has

and will cause the Plaintiff to incur ongoing damages as he attempts to recover from the damages proximately caused by the acts of the Defendants UNKNOWN CHICAGO POLICE OFFICERS.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT II
## INTENTIONAL TORT ASSAULT AND BATTERY

9. That this cause of action arises under Illinois State Law and this Court has jurisdiction over this State Law claim, pursuant to 28 U.S.C. Section 1367.

**ANSWER:** The City admits that Plaintiff has brought this purported cause of action pursuant to Illinois State Law. The City admits this Court has jurisdiction.

10. That on or about January 17, 2005, Plaintiff, TRAVIS COOK, was near 220 North Homan in the City of Chicago, County of Cook and State of Illinois and was in the process of being taking [*sic*] into custody by Defendants, UNKNOWN CHICAGO POLICE OFFICERS.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. That on or about January 17, 2005, and for a long time prior thereto, the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, were employed as City of Chicago Police Officers by virtue of the law of the State of Illinois.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. That said Defendants, UNKNOWN CHICAGO POLICE OFFICERS, assaulted and battered said Plaintiff without probable cause, the result of which the Plaintiff is presently in the most serious physical condition imaginable.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. That at all times mentioned in this complaint the Plaintiff was in the exercise of due care and caution for his own safety.

**ANSWER:** The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. That it was the duty of the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, herein acting as an agent, servant and/or employee of Defendant, CITY OF

CHICAGO, a Body Politic and Corporate, Individually, not to subject the Plaintiff to unreasonable risk of injury.

**ANSWER:** **The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

15. That at the aforesaid time and place, the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, herein acting as an agent, servant and/or employee of Defendant, CITY OF CHICAGO, a Body Politic and Corporate, Individually, did commit one or more of the following intentional acts:

    a. Intentionally assaulted and battered the Plaintiff about his body and face.
    b. Intentionally assaulted and battered the Plaintiff without probable cause and without provocation and without fear for his life.

**ANSWER:** **The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

16. That as a direct and proximate result of the aforesaid intentional acts of the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, Individually, and acting as an agent, servant and/or employee of Defendant, CITY OF CHICAGO, a Body Politic and Corporate, said Plaintiff was seriously and permanently injured, both internally and externally, specifically, Plaintiff suffered multiple body trauma and mental damage; he suffered great pain and anguish and was hindered and delayed in his occupation and continues in said same condition presently.

**ANSWER:** **The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

## COUNT III
## RESPONDEAT SUPERIOR

17. Plaintiff realleges and incorporates herein paragraphs 1 through 8 of Count I and 9 through 16 of Count II as if fully set forth herein.

**ANSWER:** **The City's answers to paragraphs 1 through 8 of Count I and 9 through 16 of Count II of Plaintiff's complaint are incorporated by reference as though fully set forth herein.**

18. The actions of the individual Defendants as set forth above and herein were done while the Defendants were within the scope of their employment.

**ANSWER:** **The City lacks information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

19. Defendant, City of Chicago employed said Defendants and is therefor liable under the Doctrine of Respondeat Superior for the state law claims alleged in Count II above.

**ANSWER: The City denies that Plaintiff has completely or correctly stated Illinois law as it pertains to the Doctrine of *Respondeat Superior* for the state law claims alleged in Count II above. The City lacks information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's First Amended Complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## DEFENSES

### A. Defense to Federal Claims

1. The City may not be held liable for any claim under 42 U.S.C. §1983 on the basis of *respondeat superior*. Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).

### B. Defenses to State Law Claims

2. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act"), the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102 (2002.)

3. Under the Act, the City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2002).

4. Under the Act, to the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omission in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002).

5. Under the Act, a public employee acting withing the scope of his or her employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

## C. Defense to All Claims

7.    Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case, and to the extent he has failed to do so, any verdict or judgement he obtains must be reduced accordingly.

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

                Respectfully Submitted,

                MARA S. GEORGES,
                Corporation Counsel
                City of Chicago

By:    /s/ Kimberly M. Grunewald
        Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-6951
Attorney No. 06273009

Case: 1:06-cv-00178 Document #: 9 Filed: 02/23/06 Page 7 of 7 PageID #:24